DELHOMER ET AL. v. ST. JOHN THE BAPTIST PARISH SCHOOL BOARD ET AL.

(February 17, 1930. Opinion and Decree.)
(March 10, 1930. Rehearing Refused.)

Robert J. Perkins, of New Orleans, attorney for plaintiffs, appellants.

C. A. Buchler, of Gretna, attorney for defendants, appellees.

HIGGINS, J. Plaintiffs, as mother and father of their minor son, sued the St. John the Baptist Parish School Board and Clement Maurin & Sons, a commercial partnership composed of Henry C. Maurin and Clement Maurin, and said partners in solido, for damages for alleged personal injuries sustained by their minor son on January 18, 1924, and also for damages in favor of Mr. Delhomer for medical, hospital, and other expenses.

The school board filed an exception of no cause of action, which was sustained, and a motion for a new trial was filed which is still pending.

The defendant partnership and the partners thereof denied liability, and alleged that the child was injured through its own fault, and that defendants were free from negligence.

On the merits there was judgment in favor of the defendant, Maurin & Sons and the partners composing the partnership, dismissing the suit, and plaintiffs have appealed.

The following facts in the case are undisputed:

Prior to and at the time of the accident the defendant, Maurin & Sons, had a written contract with the school board of the Parish of St. John the Baptist to transport children within a certain territory to and from school for a stated consideration. On January 18, 1924, Sidney Maurin was driving the truck, or school omnibus, owned and operated by Maurin & Sons under their

contract with the school board. On this day Joseph Delhomer, Jr., the minor son of plaintiffs, age six years, was a passenger in the bus, coming home from the John L. Ory School which he attended. When the school bus reached that part of the public highway in front of Mrs. Lasseigne's home, the driver of the truck opened the right front door, through which the passengers were admitted and discharged, for the purpose of leaving the child out of the truck. The child went out of the door, stood on the truck step, then descended to the ground where thereafter his left foot was severely injured by the right rear wheel of the truck. The truck then proceeded about 100 feet further down the road, and the driver for the first time learned from the other children in the bus that the child had been injured, when they saw the child screaming and jumping in the road where he had alighted from the truck.

At the place where the accident happened the public graveled highway runs parallel with the levee of the Mississippi river which was on the right-hand side of the truck, and that the residence of Mrs. Lasseigne was on the left-hand side, and that there were two picket fences between the residence and the road. The truck was proceeding in the direction of New Orleans, or down the river, at the time the child was injured.

Plaintiffs contend that the defendant, Maurin & Sons, is a carrier of passengers and has violated its contract for safe carriage of the child as a passenger, that the specific cause of the accident was the failure of the driver to come to a stop at the time he attempted to discharge the child as a passenger, for at the time the driver, Sidney Maurin, opened the door of the truck for the child to get out, the truck was still rolling slowly, and that the child fell while attempting to alight from the step of the truck to the road, and, after falling, that the right rear wheel of the truck passed over the child's left foot, inflicting serious and permanent injury. Plaintiffs also complain that the judge, a quo, ruled out certain evidence offered in support of the allegations in plaintiffs' petition, to the effect that the defendants knowingly continued in their employment the chauffeur of the school bus after having been informed that he was a reckless driver and had injured other children; and also recklessly drove the truck over railroad crossings in close proximity to approaching trains.

The defendant, Maurin & Sons, contends that the child was not a passenger on the truck due to the fact that he resided outside of the territorial limits within which the defendants were obligated to carry passengers under their contract with the school board, and, second, that the child was solely at fault and the defendants free from any negligence.

A great many witnesses testified in the case and particularly a number of school children, who were passengers in the bus, but the evidence is conflicting as to just how the child came in contact with the right rear wheel of the truck. However, defendant established by a clear preponderance of the evidence that the truck stopped, the driver opened the door and the little boy went through the door, descended to the step and then to the ground without falling. Some of plaintiffs' witnesses say that the child fell from the step of the truck but other witnesses for the plaintiffs say that the child did not fall but was in a standing position when the right rear wheel of the bus ran over his foot.

The plaintiffs' evidence is conflicting as to how the accident happened but the defendants' evidence is overwhelmingly to the effect that the child safely descended to the ground. He was left out on the graveled public highway, where there was not anything that might cause him to fall.

The evidence is certain that the step of the truck protrudes eight inches further to the right side of the truck than the right rear wheel, so that if the child fell or jumped forward or backward from the step of the truck while it was moving, it would seem that he would have fallen clear of the right rear wheel.

The court is impressed with the testimony of Willie Melancon, Jr., a young man who was riding on the front seat on the left-hand side of the driver at the time of the accident. He was a friend of the driver and was riding with him on this occasion. His testimony is to the effect that the bus stopped, the 'driver opened the door and the child descended to the ground safely and said to the. driver "all right." The child was then standing clear of the bus. The driver then closed the door and started the truck. When the truck was about 100 feet from where it stopped the children in the truck hollered that the little boy had been injured and the driver again stopped the truck and Melancon ran back and picked the boy up in his arms and carried him to his father at Mrs. Lasseigne's residence. The driver of the truck who, also went to the child's assistance, tells substantially the same story. It thus appears that the child either stepped towards the truck after descending to the ground safely or attempted to ride on the truck when it started causing him to come into contact with the right rear wheel.

One of the defendants' witnesses, a young negro man, age 19 years, who was standing on the levee which was on the right-hand side of the truck, testified that the boy was in a standing position at the time the truck ran over his foot. This corroborates the testimony of Melancon and the driver that the boy safely descended to the ground without falling.

Conceding plaintiffs' contention that the judge of the lower court should have permitted plaintiffs to introduce evidence in support of the allegations of the petition showing or tending to show that the driver of the truck on previous occasions had been guilty of careless or reckless driving, in driving over railroad crossings when the trains were approaching and of injuring another school child on a previous occasion, and further conceding that the child was a passenger in the bus and that defendants were carriers of passengers, we fail to see how plaintiffs can recover because on the occasion in question the great preponderance of the evidence is to the effect that the defendants were free from fault. The driver of the truck properly and carefully discharged the child as a passenger and if the child after descending to the ground safely, stepped towards the truck as it started again or attempted to ride on the truck after it started, his injury resulted from his own negligence and the defendants are, therefore, not liable.

The district judge in a carefully prepared opinion found that the defendants were free from fault and that the child's injury was the result of his own carelessness. A careful reading of the record fails to show that he was in error.

For the reasons assigned the judgment appealed from is affirmed.